### No. 712
### SMITH v. STATE

Ohio Appeals, 3rd Dist., Auglaize Co.

No. 59.   Decided Jan. 29, 1926

1079. SENTENCE—Where defendant is charged with a third offense of possession of intoxicating liquors and statute imposing the penalty was not in effect when first offense was committed, and he plead guilty of the second offense under a city ordinance, the verdict of the jury of guilty as charged in the indictment should be considered by the court as a verdict for the "third" offense only and sentence passed accordingly.

HUGHES, J.

sequent passage of the provisions for construction of ditches provided in 6442 GC.

5. The methods in either section might be followed, as would be warranted by the circumstances arising in each case.

Demurrer overruled.

Attorneys—Dow Aiken for Hartzler; West and Campbell & W. Clay Huston for Commissioners; all of Bellefountaine.

Arthur Smith was convicted of a third offense of the unlawful possession of intoxicating liquors contrary to 6212-15 and 6212-17 GC., in the Auglaize Common Pleas; and under 6212-17 GC. was assessed a fine of $1000 and sentenced to imprisonment in the penitentiary for not less than one nor more than five years.

Error was prosecuted to this judgment of conviction and the Court of Appeals held:

1. These two sections were not in force before Feb. 20, 1923 and hence the indictment shows that at least the first offense was not committed after the statute became effective.

2. The evidence discloses that the second

offense was not plead guilty to under the state laws but in violation of a city ordinance and therefore there was no case made under the indictment to warrant a finding of guilty as for a third offense.

3. The fine and penalty inflicted as for a third offense is therefore contrary to law and not sustainable.

4. Section 13581 GC. requires an examination of the indictment to ascertain whether an offense is charged after the averments alleging the first and second offense are disregarded as surplusage.

5. It was not prejudicial error for the court to fail to charge the jury to disregard the first and second offenses and pass only upon the guilt or innocence of Smith as charged with the unlawful possession on June 27, 1925, 6212-17 GC. being in effect at that time; for when the jury found him guilty as charged in the indictment, it necessarily found him guilty of the offense committed on June 27, 1925.

6. The only prejudicial error would be in the excessive penalty inflicted upon Smith, he being subject to the penalty for the unlawful possession of intoxicating liquors on June 27, 1925; that is the verdict of the jury should have been considered as a verdict finding the defendant guilty of this offense only, and sentence passed accordingly.

Judgment reversed and cause remanded.

Attorneys—Anthony Culliton, St. Marys, for Smith; Otto J. Boesel, Wapakoneta, for State.